XIU MING ZHENG, Chang Jian Zou, Ri Wang Zou, Petitioners,

v.

Michael B. MUKASEY, Attorney General,[1] Respondent.

No. 07–4453–ag.

United States Court of Appeals, Second Circuit.

Jan. 9, 2009.

Douglas B. Payne, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Cindy S. Ferrier, Senior Litigation Counsel, Nairi M. Simonian, Trial Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. ROSEMARY S. POOLER and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioners Xiu Ming Zheng, Chang Jian Zou, and Ri Wang Zou, natives and citizens of the People's Republic of China, seek review of the September 18, 2007 order of the BIA affirming the March 10, 2003 decision of Immigration Judge ("IJ")

1.  Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Acting Attorney General Peter D. Keisler as the respondent in this case.

Adam Opaciuch, denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[2] *In re Xiu Ming Zheng, et al.*, Nos. A76 130 702, A70 697 710, A70 868 482 (B.I.A. Sept. 18, 2007), *aff'g* Nos. A76 130 702, A70 697 710, A70 868 482 (Immig. Ct. N.Y. City Mar. 10, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA agrees with the IJ that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we review both decisions—or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA. *See Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Dong Gao v. BIA*, 482 F.3d 122, 126 (2d Cir. 2007).

As an initial matter, because Petitioners failed to challenge before this Court the agency's denial of their CAT claims, we deem any such arguments waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n. 7 (2d Cir.2005).

Regarding Petitioners' asylum and withholding of removal claims, we conclude that substantial evidence supports the agency's adverse credibility determination. For instance, it was not improper for the agency to find it implausible that Zheng would visit a government hospital to confirm her third pregnancy given her testimony that she had previously been warned that she could face abortion or sterilization. *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 66–68 (2d Cir.2007). While some

of the IJ's findings "relie[d] on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to [Petitioners'] claim, . . . the cumulative effect" was "consequential." *Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir.2006) (internal citations omitted). Notably, the agency properly relied on significant discrepancies—and possible fraud—relative to a medical document bearing Zheng's name that was submitted in support of Zou's 1996 application for advance parole. Although Petitioners offered explanations for these (and other) discrepancies, no reasonable adjudicator would have been compelled to accept them. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005). Ultimately, because the agency's credibility findings were "based upon neither a misstatement of the facts in the record nor bald speculation or caprice," we will not disturb them. *Zhou Yun Zhang v. INS*, 386 F.3d 66, 74 (2d Cir.2004) (internal quotation marks omitted), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir.2007).

In light of the foregoing, the agency's denial of asylum was not improper. Furthermore, because Petitioners based their claims for withholding of removal on the same factual predicate, the agency's adverse credibility determination precludes success on those claims as well. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.

---

**2.** All references to "Zou" in this order refer to Chang Jian Zou.